IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00551-WYD-MEH

MARIA GALL; and
LAJOS GALL,

    Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiffs' Motion to Remand filed April 26, 2006. The motion seeks a remand of the case to the District Court of Boulder County, Colorado, and asserts that remand is procedurally and substantively proper under well settled law. In that regard, Plaintiffs contend that the removal was untimely, and that the amount in controversy does not meet the jurisdictional prerequisite. Plaintiffs also contend that they are entitled to their costs and attorneys' fees in defending against the improper removal under 28 U.S.C. § 1447(c).

A response in opposition to the motion was filed by Defendant on May 16, 2006, supplemental authority was filed on May 18, 2006, and a reply was filed on June 5, 2006. Plaintiffs filed a Notice of Supplemental Authority in Support of Motion to Remand on July 12, 2006, notifying the Court of Judge Blackburn's decision granting a

similar motion to remand in *Briggs v. Geico General Ins. Co.*, Civil Case No. 06-cv-00550. Plaintiffs also filed a Notice of Supplemental.Authority on July 20, 2006, notifying the Court of Judge Krieger's Memorandum Opinions and Orders Remanding Case issued in *Toutant v. Nationwide Mutual Insurance Company*, 06-CV-00530-MSK-PAC and *Robbins v. Amica Mutual Insurance Company*, 06-CV-00529-MSK-CBS.

II.     BACKGROUND

The Plaintiffs in this case, along with a number of other individuals, filed a complaint on January 10, 2003, in the District Court of Boulder County, Civ. Act. No. 2003 CV 55 ["the original state court action"]. The complaint sued numerous insurance companies, including Defendant Government Employees Insurance Company, alleging that they failed to properly inform the plaintiffs of the nature and scope of uninsured/underinsured motorist coverage. The plaintiffs in that action alleged a number of state law claims, including fraudulent concealment, negligent misrepresentation, bad faith, and violation of the Colorado Consumer Protection Act, and sought a declaratory judgment. *See* Second Am. Class Action Compl. and Jury Demand, attached to Pls.' Notice of Filing of Operative State Court Compl. and of Intent to File Mot. to Remand.

The case was actively litigated in the District Court of Boulder County ["state court"] for nearly three years, and a class certification hearing was approaching. Rulings were issued by the state court on numerous procedural and substantive issue, including two omnibus orders denying the defendants' motions to dismiss under C.R.C.P. 12(b) and their motion for a determination of law under C.R.C.P. 56(f)).

Plaintiffs assert that the order denying the defendants' notice of determination of law was favorable to them in that it confirmed their contention regarding the defendants' obligations to provide adequate notice of uninsured/underinsured motorist coverage.

Shortly after that order was issued, Government Employees Insurance Company and other defendants in the original state court action filed a motion asking the court to sever claims against them from the other claims. The plaintiffs initially opposed the motions to sever, but then withdrew their opposition in an alleged attempt to move the case forward without procedural delay. On February 24, 2006, the state court granted the motions to sever. Government Employees Insurance Company contends that this case became a separate civil suit for the first time as a result of the severance order, as each of the severed cases were to be assigned new case numbers and new complaints were to filed therein.

A Notice of Removal was filed by Government Employees Insurance Company as to this severed action on March 27, 2006. Defendant asserts that removal is proper pursuant to the Class Action Fairness Act of 2005 ["CAFA"], Pub. L. No. 1092, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). This is because the severance of this action from the original state court action created a new case which triggered Defendant's right to remove the case. Alternatively, Government Employees Insurance Company contends that removal is proper under diversity jurisdiction as that existed prior to CAFA. Counsel representing Government Employees Insurance Company in this case also filed Notices of Removal on behalf of five other defendants. There are currently ten cases pending in this Court that were removed from state court as a result

of the severance order in the original state court action, two of which are before me. Plaintiffs now seek to remand this case back to the state court on the basis that the removal was untimely.

III.    ANALYSIS

Removal statutes are narrowly construed, and there is a presumption against removal jurisdiction. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *Baby C v. Price*, No. 04-3299, 138 Fed. Appx. 81, 83 (10th Cir. 2005) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). "[S]ection 1441(c) operates to limit federal jurisdiction and 'all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction.'" *Denver United States Nat. Bank v. Rippey*, 260 F. Supp. 717, 721 (D. Colo. 1966) (quotation omitted). Defendant Government Employees Insurance Company, as the party seeking removal, has the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Ass'n of Soil Conservation Districts*, 841 F. Supp. 350, 352 (D. Colo. 1993).

Section 1453(b) of CAFA provides for the removal of class actions from state court. CAFA is only applicable, however, to actions commenced on or after its effective date of February 18, 2005. The question of whether this court has jurisdiction over Plaintiffs' claims pursuant to CAFA therefore requires a determination of when this case was commenced. Plaintiffs argue that the applicable date is January 10, 2003, which is the date the original state court action was filed in the Boulder County District Court. Defendants argue that the applicable date is February 24, 2006, which is the date that

the claims by Plaintiffs herein were severed from the other claims asserted in the original state court action.

On July 10, 2006, Judge Robert E. Blackburn of this Court issued an Order granting a similar motion to remand that had been filed in one of the other cases that was severed from the original state court action. Briggs v. Geico General Ins. Co., Civil Case No. 06-cv-00550 (D. Colo. 2006) (order granting plaintiff's motion to remand). On July 12, 2006, Judge Babcock entered orders denying motions to remand in two cases pending before him, *Medina v. Colonial Penn Franklin Ins. Co.*, Civil Action No. 06-cv-00553-LTB-MEH, and *Thacker v. Farmers Insurance Company, et al.*, Civil Case No. 06-cv-00558-LTB-CBS. Judge Babcock's Orders adopted Judge Blackburn's reasoning in *Briggs*. Finally, Judge Marcia S. Krieger issued a Memorandum Opinion and Order Remanding Case in two separate cases pending before her, *Toutant v. Nationwide Mutual Insurance Company*, 06-CV-00530-MSK-PAC and *Robbins v. Amica Mutual Insurance Company*, 06-CV-00529-MSK-CBS.

In the Order issued in *Briggs*, Judge Blackburn analyzed the issue of when an action is commenced for purposes of the CAFA. See Order Granting Plaintiff's Motion to Remand, at 2-4. He concluded that the case was commenced on January 10, 2003, when the initial state court action was filed, and that the case was part of that original action. *Id.* at 4. Accordingly, he found that the case was commenced before the effective date of the CAFA and that the CAFA was thus inapplicable.[1] Judge Blackburn

---

[1] While Judge Blackburn recognized that the case had been severed from the original action and that a new complaint was required to be filed pursuant to the severance order, he concluded that the new complaint was essentially an amended complaint which was necessary to implement the severance

also concluded that removal was not proper under 28 U.S.C. § 1446 as the removal was commenced more than one year after the original suit was commenced in January of 2003.

Judge Krieger conducted a similar analysis in *Toutant* and *Robbins*, determining whether the matters were timely removed pursuant to the CAFA or the general removal statute, 28 U.S.C. § 1446(b). She also found that the severance order of February 24, 2006, in the underlying state action did not commence a new civil action for purposes of calculating the time for removal, although Judge Krieger relied on slightly different grounds than that stated by Judge Blackburn. Accordingly, she found that the removal was not timely and that a remand was proper.

I agree with the reasoning of Judge Blackburn and Judge Krieger in the decisions issued by them, and adopt that reasoning to deny Government Employees Insurance Company's motion to remand in this case. Specifically, I find that this case, even though severed from the original state court action, commenced when the original complaint was filed in January of 2003. Thus, the CAFA is inapplicable, and the removal was not timely.

I deny, however, Plaintiffs' request for attorney fees and costs incurred in connection with defending the motion. I find that Government Employees Insurance Company had an objectively reasonable basis for believing that removal may be proper, as the issues raised by the motion to remand are novel. *See Martin v. Franklin*

---

order. *Id.* The amended complaint was found to relate back to the claims asserted in the original state court action under C.R.C.P. 15(c).

*Capital Corp.*, 126 S. Ct. 704, 711 (2005) ("Absent unusual circumstances, courts may award fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

In conclusion, it is

ORDERED that Plaintiffs' Motion to Remand [Doc. # 13] is **GRANTED** as to the request to remand the case and **DENIED** as to the request for attorneys' fees and costs incurred in connection with the motion.  It is

FURTHER ORDERED that the Clerk of Court shall remand this case to the District Court of Boulder County.

Dated:  July 27, 2006

>BY THE COURT:
>
>s/ Wiley Y. Daniel
>Wiley Y. Daniel
>U. S. District Judge